In the United States District Court
For the District of New Mexico

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

SEP - 8 2015

MATTHEW J. DYKMAN
CLERK

Cassidine McDonald

    Movant

V.

Case No. 1:11-cr-01075-001-MV

15 CV 791 MV/WPL

The United States of America

    Respondent

Motion Under 28 USC § 2255(h)(1) Newly Discovered Evidence

    Comes Now, Movant McDonald, pro-se, and would ask this court to grant me permission to file a Motion under 28 USC § 22, pursuant to 28 USC § 2255(h)(1) Newly Discovered Evidence.

    In accordance with 28 USC § 2255(h)(1), I make this Motion to present Newly discovered Evidence, which will prove my innocence, and a Fundamental Miscarriage of Justice which the Supreme Court has ruled on in McQuiggin V. Perkins, 133 S.Ct 1924 (2013) stating that "actual innocence can be a" fundamental Miscarriage of Justice exception" that can allow a habeas petition to overcome certain procedual defaults, especially time limits." Id at 1931.

    Grounds for Relief sought are 1) The Unconstitutional enactment of 18 USC § 2241, bill(s) S.1236 and H.R. 4745 by showing that the 99th Congress was in Full and Final Adjournment when the Speaker of the House and the president of the Senate signed both bills in the absence of a quorum, a violation of the Quorum Clause of the Constitution, Supreme Court precedents, and Congresses own procedure, 2) I will also show this Court how the Speaker of the House and the president of the Senate of the 99th Congress, not only signed, but also presented "DEAD" legislation to the President of the United States, which also violates the Constitution, Supreme Court precedents and Congresses own procedures.

1)

Ground 1, Newly Discovered Evidence,

I was told to look at the enactment date of the Statute I was convicted under 18 USC § 2241, there are two enactment dates, one Nov. 10, 1986, P.L. 99-646, and the other is Nov. 14, 1986, P.L. 99-654.

So here are the Exhibits I will be using to show this Court what violations the 99th Congress committed.

Exhibit 1, shows the adjournment of the House of Representatives and Senate, H. Con. Res. 417, Sine Die Adjournment

Exhibit 2, shows on page H-19, Senate bills signed the the Senate president on Oct. 29, 1986, the bill S. 1236 was signed 9 days after the Senate adjourned Sine Die.

Exhibit 3, shows on page H-260, House bills signed by the Senate president on Nov. 4, 1986, the bill H.R. 4745 was signed 15 days after the Senate adjourned Sine Die.

Exhibit 4, shows on page 129.34, Journal of the House at 129.36 where it states Adjournment Sine Die, the House adjourned Sine Die on October 18, 1986.

Exhibit 5, shows on page 670, Journal of the Senate, Adjournment Sine Die, shows the Senate adjourned on October 20, 1986.

Exhibit 6, shows on page 673, Journal of the Senate, that the Speaker of the House signed S. 1236 on Oct. 29, 1986, 11 days after the House adjourned sine Die

Exhibit 7, shows on page 675, Journal of the Senate, that the Speaker of the House signed H.R. 4745 on Nov. 4, 1986, 18 days after the House adjourned Sine Die

Article I, cls 1, sec. 5 of the Constitution states in part that "a Majority of each shall constitute a Quorum to do Business, but a smaller number may adjourn from day to day", so by the Speaker of the House and the president of the Senate continuing to do Business after both Houses of the 99th Congress had adjourned its final and Sine Die adjournment they did violate the Quorum Clause of the Constitution.

In a Memo from the former Director of Federal Prisons, Harley G. Lappin, it states that the Clerk of the House stated, "that its Unlawful for the Speaker of the House to sign any enrolled bill in the absence of a quorum, See Exhibit 8.

2)

The Supreme Court has also stated in <u>Marshall Fields & Co. V. Clark, 143 US 649, 36 LEd 294 (1892)</u> at [143 US 672] that "The <u>Signing</u> by the Speaker of the House of Representatives, and, by the president of the Senate, <u>in open session</u>, of an enrolled bill, is a official attestation by the two Houses of such bill as one that has passed Congress," <u>IN OPEN SESSION</u> this Supreme Court made it clear that an enrolled bill must be signed in open session, not after both Houses of Congress has its Final or Sine Die adjournment.

The 99th Congress according to Exhibits 1-8 clearly shows that Congress did in fact violate Article I, cls1, sec.5 of the Quorum Clause of the Constitution, and the Supreme courts decision in the Marshall Fields case.

<u>Ground 2</u>, Newly Discovered Evidence,

This ground I will show this Court how the Speaker of the House and the president of the Senate of the 99th Congress not only signed, but also presented "<u>DEAD</u>" legislation to the President of the United States, violating the Quorum Clause of the Constitution (explained above), but also the Supreme Court precedent and Congresses own procedure.

Now looking to the Supreme Court for help on presenting legislation to the President, we find ourselves looking at two cases <u>LaAbra Silver Mining Co. V U.S.</u>, 175 US 423, 455, 44 LEd 223, 234, (1899) and <u>Edwards V. U.S.</u>, 286 US 482, 76 LEd 1239 (1932) which states in part "presentment to the President of the United States must be done <u>while Congress is sitting</u>," these cases as well as the Marshall Fields case makes it very clear that Congress must be in open session and sitting when signing and presenting any enrolled bills to the President of the United States, which the 99th Congress according to its own Journals was not in open session.

Question; When does a bill, introduced at the begining of a Congress, become "<u>dead</u>" and no longer open to consideration? Congresses answer; A bill may be introduced at any point during a two-year Congress and remain eligible for consideration throughout the duration of that Congress until the Congress ends or adjourns sine die. See Exhibit 9, this is from the 108th Congress, so you can assume that the same procedure applied to the 99th Congress as well.

3)

The Quorum Clause of the Constitution has made it very clear that there has to be a quorum present for Congress to do business, the Supreme Court has made it clear that the signing and presentment of bills must be done while Congress is in open session and sitting, you can also assume that if a bill is not signed or presented while Congress is in open session and sitting, it is still pending until Congress adjourns its final or Sine die adjournment in which Congress itself says becomes "DEAD" legislation

In U.S. v. Ballin, 144 US 1, 36 LEd (1892) that Supreme Court states that "the Constitution empowers each House to determine its rules of proceedings. It may not by its rules ignore Constitutional restraints or violate fundamental rights", which the 99th Congress has done.

Some court may say that the "enrolled bill rule" precludes them from looking at the legislative history of a bill only if the signing was done in open session, however 15 years later Congress put in the Hinds' Precedents of the House of Representatives in 1907, Chapter LXXXIII, entitled, The Journal and its approval, § 2810 states certified extracts of the Journal are admitted as evidence in the courts of the United States. See Exhibits 10, A, B, C, this would override the enrolled bill rule, because Congress decided to make clear in the Hinds' Precedents the Journals can be used as evidence.

Conclusion

I have presented what I believed is Newly Discovered Evidence to this court, by showing through the Journals of both Houses of the 99th Congress, Exhibits 1-7, clearly that that Congress was not in open session when the Speaker of the House and the president of the Senate signed bills S.1236 and H.R.4745, violating the Quorum Clause of the Constitution, and the Supreme Court precedents. Ground 1.

Also, I have shown how the 99th Congress, through its sine die adjournment of its 2nd session, violated its very own procedures, Exhibit 9 and not only signed, but also presented "DEAD" legislation to the President of the United States, by not signing pending legislation and presenting it to the President before that Congress adjourned. Ground 2

4)

Congress made it clear in the Hinds' Precedents that the Journals can be <u>admitted as evidence in the courts of the United States.</u>

The Supreme Court has said in <u>Bond V. U.S, 564 US ___, 131 S.Ct 2355, 180 L.Ed 2d 269 ___ 2011 US LEXIS 4558,</u> that "If the constitutional structure of our government that provides individual liberty is compromised, individuals who suffer otherwise justiciable injury may object," and "in the proper case a litigant may challenge a law as enacted in contravention of federalism," also Justice Ginsburg and Breyer concurring stated that "<u>Bond, like any other defendant, has a personal right to not be convicted under a constitutionally invalid law</u>," and "<u>An offence created by [an unconstitutional law]</u>" the court has held "<u>is not a crime</u>".

<u>Marbury V. Madison,</u> 1 cranch (5 US) 137, 180, 2LEd 60, 741 (1803) states that "If the Courts are to regard the Constitution, and the <u>Constitution is Superior</u> to any ordinary act of the Constitution and not such an ordinary act, <u>must govern the case</u>", "A law repugnant to the Constitution, and/or law made pursuance thereof is "VOID", and that courts, as well as other departments are bound by that instrument".

<u>Ex parte Siebold,</u> 100 US 371, 376 (1880) states "A conviction under [such a law] is not merely erroneous, but illegal and void and cannot be legal cause of imprisonment."

<u>Brennan V. USPS,</u> 439 US 1345, 1347, 58 LEd 2d 51, 54, hn 4 (1978) states that "Longevity does not ensure that a statute is Constitutional."

If this court denys this Motion, it will be a 'Fundamental Miscarriage of Justice, which the Supreme Court has addressed in <u>McQuiggin V. Perkins,</u> 133 S.Ct 1924 (2013) by stating "that actual innocence can be a "fundamental miscarriage of Justice exception" that can allow a habeas petition to overcome certain procedural defaults, <u>especially time limits.</u>" Id at 1931.

If this Court allows me to file this Motion with every bit of this evidence, any juror with any common sense would acquit me and remove this conviction from my record.

5)

Wherefore, I pray this court will carefully review all of the information that I have provided in this Motion with Exhibits and will actually rule that the Statute that I was convicted under 18 USC § 2241 is in fact Unconstitutionally enacted and acquit me of my conviction.

I Cassidine McDonald, hereby certifies that the foregoing Motion Under 28 USC § 2255(h)(1) Newly Discovered Evidence is true and correct to the best of my knowledge, under penalty of perjury, 28 USC § 1746.

Certificate of Service

I Cassidine McDonald, further certifies that I have mailed, via first Class mail, postage pre-paid an exact copy of this Motion with Exhibits to:

Mark T. Baker
201 Third St.
Albuquerque, N.M. 87102

Submitted on this 4 day of Sept, 2015

Respectfully Submitted by

Cassidine McDonald, 21026-057
U.S. Penitentiary Marion
P.O. Box 1000
Marion, IL 62959

100 STAT. 4386     CONCURRENT RESOLUTIONS—OCT. 18, 1986

Oct. 18, 1986
[S. Con. Res. 174]

## ENROLLMENT CORRECTION—H.R. 5300

*Ante,* p. 1874.

*Resolved by the Senate (the House of Representatives concurring),* That, in the enrollment of the bill (H.R. 5300) to provide for reconciliation pursuant to section 2 of the concurrent resolution on the budget for fiscal year 1987, the Clerk of the House of Representatives shall insert at the end of section 8081 of the bill the following: Paragraph (3) shall not apply to any authorization made by title IX of this Act.

Agreed to October 18, 1986.

Oct. 18, 1986
[H. Con. Res. 417]

## ADJOURNMENT—HOUSE OF REPRESENTATIVES AND SENATE

Sine die adjournment.

*Resolved by the House of Representatives (the Senate concurring),* That when the House adjourns on Friday, October 17, 1986 or on Saturday, October 18, 1986, pursuant to a motion made by the Majority Leader or his designee, and that when the Senate adjourns on Friday, October 17, 1986, or on Saturday, October 18, 1986, pursuant to a motion made by the Majority Leader or his designee, they stand adjourned sine die.

Agreed to October 18, 1986.

EX-1

                    Calendar No. 859.
1230. A bill to amend the patent laws
      implementing the Patent Cooperation
      Treaty.
         SPONSOR: Mathias
         Mar 27, 86   By Senator Thurmond
                      from Committee on
                      Judiciary filed written
                      report. Report No. 99-
                      275.
         Oct 17, 86   Passed Senate without
                      amendment by Voice
                      Vote.
         Oct 17, 86   Passed House by Voice
                      Vote.
         Oct 29, 86   Measure Signed in
                      Senate.
         Oct 30, 86   Presented to President.
         Nov  6, 86   Signed by President.
         Nov  6, 86   Became Public Law No:
                      99-616.

1236. A bill to amend title 18 of the United
      States Code and other laws to make
      minor or technical amendments to
      provisions enacted by the
      Comprehensive Crime Control Act of
      1984, and for other purposes.
         SPONSOR: Thurmond
         Apr  4, 86   Committee on Judiciary.
                      Reported to Senate by
                      Senator Thurmond under
                      the authority of the
                      order of Mar 27, 86
                      with an amendment in
                      the nature of a
                      substitute. With
                      written report No. 99-
                      278.
         Apr  4, 86   Placed on Senate
                      Legislative Calendar
                      under General Orders.
                      Calendar No. 596.
         Apr 17, 86   Measure laid before
                      Senate by unanimous
                      consent.
         Apr 17, 86   Passed Senate with
                      amendments by Voice
                      Vote.
         Oct 17, 86   Passed House (Amended)
                      by Voice Vote.
         Oct 18, 86   Senate agreed to the
                      House amendment by
                      Voice Vote.
         Oct 29, 86   Measure Signed in
                      Senate.
         Oct 30, 86   Presented to President.
         Nov 10, 86   Signed by President.
         Nov 10, 86   Became Public Law No:
                      99-646.

1244. A bill to provide that services
      provided by a clinical psychologist in
      a rural health clinic need not be
      provided under the direct supervision
      of a physician in order to qualify for
      payment under the Medicare and
      Medicaid programs.
         SPONSOR: Inouye
         COSPONSOR(S): Burdick (A-03/27/86)

1249. A bill to amend titles XVIII and XIX
      of the Social Security Act to provide
      for coverage of respiratory care
      services for ventilator-dependent
      individuals under medicare and
      medicaid.
         SPONSOR: Heinz

1250. A bill to amend the Internal Revenue
      Code of 1954 to extend the targeted
      jobs tax credit for 5 years, and for
      other purposes.
         SPONSOR: Heinz
         COSPONSOR(S): Simon (A-02/24/86)

1251. A bill entitled "The Natural Gas
      Utilization Act of 1985".
         SPONSOR: Domenici
         COSPONSOR(S): Hecht (A-04/08/86);
            Bumpers (A-08/15/86);
            Long (A-09/17/86)

1259. A bill to correct certain inequities
      by providing Federal civil service
      credit for retirement purposes and for
      the purpose of computing length of
      service to determine entitlement to
      leave, compensation, life insurance,
      health benefits, severance pay,
      tenure, and status in the case of
      certain individuals who performed
      service as National Guard technicians
      before January 1, 1969.
         SPONSOR: Thurmond
         COSPONSOR(S): Kerry (A-06/25/86);
            Gramm (A-07/15/86);
            Kassebaum (A-07/29/86)

1265. A bill to provide prompt, exclusive,
      and equitable compensation, as a
      substitute for inadequate tort
      remedies, for disabilities or deaths
      resulting from occupational exposure
      to asbestos; and for other purposes.
         SPONSOR: Armstrong
         COSPONSOR(S): Simon (A-03/04/86)

1277. A bill to amend title XIX of the
      Social Security Act to provide that
      States may provide home or community-
      based services under the Medicaid
      program without the necessity of
      obtaining a waiver.
         SPONSOR: Bradley
         COSPONSOR(S): Gore (A-03/12/86);
            Dodd (A-07/30/86)

1282. A bill to revise and extend provisions
      of the Public Health Service Act
      relating to primary care.
         SPONSOR: Hatch
         Mar  5, 86   Passed House (Amended)
                      by Voice Vote.
         Apr 11, 86   Senate agreed to the
                      House amendments. By
                      Voice Vote.
         Apr 15, 86   Measure Signed in
                      Senate.
         Apr 15, 86   Presented to President.
         Apr 24, 86   Signed by President.
         Apr 24, 86   Became Public Law No:
                      99-280.

1288. A bill to amend the Tariff Schedules
      of the United States regarding the
      classification of television apparatus
      and parts thereof.
         SPONSOR: Danforth
         COSPONSOR(S): Levin (A-01/22/86);
            Glenn (A-06/18/86)

1290. A bill to prohibit discrimination in
      insurance on the basis of blindness or
      degree of blindness.
         SPONSOR: Mathias
         COSPONSOR(S): Dodd (A-01/28/86);
            Sarbanes (A-02/05/86);

EX-2

Preservation System in the State of Texas.
- Jul 24, 86  Received in the Senate and read twice and referred to the Committee on Agriculture.
- Oct 17, 86  House Agreed to Senate Amendments by Voice Vote.
- Oct 17, 86  Measure laid before Senate by unanimous consent.
- Oct 17, 86  Senate Committee on Agriculture discharged by Unanimous Consent.
- Oct 17, 86  Passed Senate with an amendment by Voice Vote.
- Oct 22, 86  Measure Signed in Senate.
- Oct 23, 86  Presented to President.
- Oct 29, 86  Signed by President.
- Oct 29, 86  Became Public Law No: 99-584.

4706. A bill for the relief of Rick Hangartner, Russell Stewart, and David Walden.
- Oct 7, 86  Received in the Senate.
- Oct 8, 86  Read twice and referred to the Committee on Judiciary.

4712. A bill to provide for the restoration of the fish and wildlife in the Klamath and Trinity River Basins, and for other purposes.
- Sep 30, 86  Received in the Senate, read twice.
- Oct 3, 86  Passed Senate without amendment by Voice Vote.
- Oct 14, 86  Measure Signed in Senate.
- Oct 15, 86  Presented to President.
- Oct 27, 86  Signed by President.
- Oct 27, 86  Became Public Law No: 99-552.

4718. A bill to amend title 18, United States Code, to provide additional penalties for fraud and related activities in connection with access devices and computers, and for other purposes.
- Jun 4, 86  Received in the Senate and read twice and referred to the Committee on Judiciary.
- Oct 3, 86  Senate Committee on Judiciary discharged.
- Oct 3, 86  Measure laid before Senate by unanimous consent.
- Oct 3, 86  Passed Senate with an amendment by Voice Vote.
- Oct 6, 86  House Agreed to Senate Amendments by Unanimous Consent.
- Oct 8, 86  Measure Signed in Senate.
- Oct 8, 86  Presented to President.
- Oct 16, 86  Signed by President.
- Oct 16, 86  Became Public Law No: 99-474.

4731. A bill to amend chapter 131 of title 46, United States Code, relating to the Federal recreational boating safety program, and for other purposes.
- Oct 6, 86  Received in the Senate and read twice and referred to the Committee on Commerce.
- Oct 9, 86  Senate Committee on Commerce discharged by Unanimous Consent.
- Oct 9, 86  Placed on Senate Legislative Calendar under General Orders. Calendar No. 1096.
- Oct 18, 86  Measure laid before Senate by unanimous consent.
- Oct 18, 86  Passed Senate with amendments by Voice Vote.
- Oct 18, 86  House Agreed to Senate Amendments by Voice Vote.
- Oct 29, 86  Measure Signed in Senate.
- Oct 30, 86  Presented to President.
- Nov 7, 86  Signed by President.
- Nov 7, 86  Became Public Law No: 99-626.

4745. A bill to amend title 18, United States Code, with respect to sexual abuse.
- May 13, 86  Received in the Senate and read twice and referred to the Committee on Judiciary.
- Oct 3, 86  Committee on Judiciary. Reported to Senate by Senator Thurmond, without amendment. Without written report.
- Oct 3, 86  Placed on Senate Legislative Calendar under General Orders. Calendar No. 1082.
- Oct 18, 86  Passed Senate without amendment by Voice Vote.
- Nov 4, 86  Measure Signed in Senate.
- Nov 5, 86  Presented to President.
- Nov 14, 86  Signed by President.
- Nov 14, 86  Became Public Law No: 99-654.

4754. A bill to amend the Federal Food, Drug, and Cosmetic Act to require the appointment of the Commissioner of Food and Drugs to be subject to Senate confirmation.
- Sep 18, 86  Received in the Senate.
- Sep 20, 86  Held at the desk by unanimous consent. Pending further disposition.

4759. A bill to authorize appropriations for fiscal year 1987 for intelligence and intelligence-related activities of the United States Government, the Intelligence Community Staff, and the Central Intelligence Agency Retirement and Disability System, and for other purposes.
- Sep 19, 86  Received in the Senate. Read twice. Placed on Senate Legislative Calendar under General Orders. Calendar No.



¶ 129.34

prediction capabilities for atmospheric and hydrological processes.

"SEC. 604. SATELLITE SERVICES.

"There are authorized to be appropriated to the Department of Commerce to enable the National Oceanic and Atmospheric Administration to carry out its satellite services duties under law, $72,606,000 for fiscal year 1987. Moneys appropriated pursuant to this authorization shall be used to fund those duties relating to satellite services specified by the Act entitled 'An Act to increase the efficiency and reduce the expenses of the Signal Corps of the Army, and to transfer the Weather Service to the Department of Agriculture', approved October 1, 1890 (15 U.S.C. 311 et seq.), the National Aeronautics and Space Administration Authorization Act, 1985, approved July 16, 1984 (Public Law 98-361; 98 Stat. 422), and by any other law involving such duties. Such duties include satellite maintenance and operations and satellite data analysis.

"SEC. 605. SATELLITE SYSTEMS.

"There are authorized to be appropriated to the Department of Commerce to enable the National Oceanic and Atmospheric Administration to carry out its satellite systems duties under law, $168,139,000 for fiscal year 1987. Moneys appropriated pursuant to this authorization shall be used by the National Oceanic and Atmospheric Administration to continue operating two polar-orbiting meteorological satellites in fiscal year 1987 and to continue procurement of polar-orbiting meteorological satellites (NOAA I-M) in fiscal year 1987. In addition, such moneys shall be used to fund those duties relating to satellite systems specified by the Act entitled 'An Act to increase the efficiency and reduce the expenses of the Signal Corps of the Army, and to transfer the Weather Service to the Department of Agriculture', approved October 1, 1890 (15 U.S.C. 311 et seq.), the National Aeronautics and Space Administration Authorization Act, 1985, approved July 16, 1984 (Public Law 98-361; 98 Stat. 422), and by any other law involving such duties. Such duties include spacecraft procurement, launch, and associated ground station system changes involving polar-orbiting and geostationary environmental satellites.

"SEC. 606. DATA AND INFORMATION SERVICES.

"There are authorized to be appropriated to the Department of Commerce to enable the National Oceanic and Atmospheric Administration to carry out its data and information services duties under law, $22,734,000 for fiscal year 1987. Moneys appropriated pursuant to this authorization shall be used to fund those duties relating to data and information services specified by the Act entitled 'An Act to increase the efficiency and reduce the expenses of the Signal Corps of the Army, and to transfer the Weather Service to the Department of Agriculture', approved October 1, 1980 (15 U.S.C. 311 et seq.), and by any other law involving such duties. Such duties include environmental data and information products and services in the atmospheric, marine, solid earth, and solar-terrestrial sciences.".

On motion of Mr. NELSON said Senate amendments to the House amendment to the Senate amendment were agreed to.

A motion to reconsider the vote whereby said Senate amendments to the House amendment to the Senate amendment were agreed to was, by unanimous consent, laid on the table.

Ordered, That the Clerk notify the Senate thereof.

¶ 129.34 SENATE BILLS, JOINT RESOLUTION AND CONCURRENT RESOLUTION REFERRED

Bills, a joint resolution, and a concurrent resolution of the Senate of the following titles were taken from the Speaker's table and, under the rule, referred as follows:

S. 985. An act to protect the rights of victims of child abuse; to the Committee on the Judiciary.

S. 1620. An act to establish a National Council on Access to Health Care; jointly, to the Committees on Energy and Commerce and Ways and Means.

S. 1828. An act to implement the Inter-American Convention on International Commercial Arbitration; to the Committee on the Judiciary.

S. 2125. An act to amend title 23 of the United States Code to increase the limitation on the amount of obligations from $30,000,000 to $100,000,000 for emergency relief projects in any State resulting from any single natural disaster or catastrophic failure occurring in calendar year 1986; to the Committee on Public Works and Transportation.

S. 2243. An act to improve the health status of Native Hawaiians, and for other purposes; to the Committee on Energy and Commerce.

S. 2412. An act to withdraw and reserve certain public lands; jointly, to the Committees on Interior and Insular Affairs and Armed Services.

S. 2479. An act to amend chapter 39 of title 31, United States Code, to require the Federal Government to pay interest on overdue payments, and for other purposes; to the Committee on Government Operations.

S. 2690. An act to prohibit certain companies who have filed for bankruptcy from discontinuing medical and life insurance benefits to retirees; to the Committee on the Judiciary.

S. 2747. An act to extend the emergency acquisition and net worth guarantee provision of the Garn-St Germain Depository Institutions Act of 1982; to the Committee on Banking, Finance and Urban Affairs.

S. 2900. An act to provide a temporary extension of the Interstate Transfer deadline for the H-3 Highway; to the Committee on Public Works and Transportation.

S. 2950. An act to designate September 17, 1987, the bicentennial of the signing of the Constitution of the United States, as "Constitution Day," and to make such day a legal public holiday; to the Committee on Post Office and Civil Service.

S. 2951. An act to authorize the use of currently apportioned highway trust funds for various highway projects; to the Committee on Post Office and Civil Service.

S.J. Res. 428. Joint resolution granting the consent and approval of Congress for the State of Maryland, the Commonwealth of Virginia, and the District of Columbia to amend the Washington Metropolitan Area Transit Regulation Compact; to the Committee on the Judiciary.

S. Con. Res. 172. Concurrent resolution to convene the Congress in Philadelphia, PA, on July 16, 1987, in order to commemorate the 200th anniversary of the Great Compromises creating the basis of representation between the Senate and the House of Representatives; to the Committee on the Judiciary.

¶ 129.35 ENROLLED JOINT RESOLUTION SIGNED

Mr. ANNUNZIO, from the Committee on House Administration, reported that that committee had examined and found truly enrolled a joint resolution of the House of the following titles, which were thereupon signed by the Speaker:

H.J. Res. 738. Joint resolution making continuing appropriations for the fiscal year 1987, and for other purposes.

And then,

¶ 129.36 AJOURNMENT SINE DIE

On motion of Mr. ANTHONY, pursuant to the provisions of House Concurrent Resolution 417, at 9 o'clock and 34 minutes p.m., the House adjourned sine die.

¶ 129.37 REPORTED BILLS SEQUENTIALLY REFERRED

Under clause 5 of rule X, bills and reports were delivered to the Clerk for printing, and bills referred as follows:

Mr. MONTGOMERY: Committee on Veterans' Affairs. H.R. 3747. A bill to amend chapter 30 of title 38, United States Code, to provide for educational assistance for apprenticeship or other on-job training under the All-Volunteer Force Educational Assistance Program; with amendments; referred to the Committee on Armed Services for consideration of such provisions of the bill and amendment as fall within the jurisdiction of that committee pursuant to clause 1(c), rule X (Rept. No. 99-1015, Pt. 1). Ordered to be printed.

¶ 129.38 PUBLIC BILLS AND RESOLUTIONS

Under clause 5 of rule X and clause 4 of rule XXII, public bills and resolutions were introduced and severally referred as follows:

By Mr. YOUNG of Missouri (for himself and Mr. HOWARD):

H.R. 5743. A bill to require the Secretary of Transportation to amend certain regulations to provide that all persons who, by reason of handicap, physical or nonphysical, are unable to use bus service for the general public shall be eligible for special service or on-call accessible bus service; to the Committee on Public Works and Transportation.

By Mr. HAYES:

H. Con. Res. 419. Concurrent resolution expressing the sense of the Congress that the continued unemployment of more than 8 million Americans is inhumane and is a dilemma that must be treated as a national priority; to the Committee on Education and Labor.

¶ 129.39 ADDITIONAL SPONSORS

Under clause 4 of rule XXII, sponsors were added to public bills and resolutions as follows:

H.R. 4088: Mr. CHAPMAN, Mr. AUCOIN, and Mr. FISH.

H.R. 5537: Mr. SLATTERY.

Ex-4

On motion by Mr. DOLE (for Mr. GARN) to amend the bill by striking out all after the enacting clause, and inserting in lieu thereof other words (being amendment No. 3516, in the nature of a substitute).

The amendment (in the nature of a substitute) was agreed to.

*Ordered,* That the bill be read the third time.

The bill was read the third time.

*Resolved,* That it pass.

On motion by Mr. DOLE to reconsider the vote on the passage of the bill.

On motion by Mr. BYRD,

The motion to reconsider was laid on the table.

### RECESS

On motion by Mr. DOLE,

At 7 o'clock and 29 minutes p.m., The Senate recessed until 7:45 o'clock p.m. today.

### AT 7 O'CLOCK AND 45 MINUTES P.M.

The PRESIDING OFFICER (Mr. STEVENS in the chair) called the Senate to order.

### STATE COMPREHENSIVE MENTAL HEALTH SERVICES PLAN ACT

On the request of Mr. HATCH,

The PRESIDING OFFICER (Mr. STEVENS in the chair) laid before the Senate the amendment (in the nature of a substitute) received from the House of Representatives for concurrence to the bill (S. 1744) to require States to develop, establish, and implement State comprehensive mental health plans.

On motion by Mr. HATCH that the Senate agree to the amendment of the House of Representatives to the bill.

The question being on agreeing to the motion.

After debate,

The motion was agreed to.

On motion by Mr. HATCH to reconsider the vote agreeing to the motion.

On motion by Mr. GORE,

The motion to reconsider was laid on the table.

### REAPPOINTMENT OF MEMBER OF BOARD OF REGENTS OF SMITHSONIAN INSTITUTION

On motion by Mr. DOLE,

The PRESIDING OFFICER (Mr. THURMOND in the chair) laid before the Senate the amendment (in the nature of a substitute) received from the House of Representatives for concurrence to the text of the joint resolution (S.J. Res. 268) to provide for the reappointment of Murray Gell-Mann as a citizen regent of the Board of Regents of the Smithsonian Institution, together with the amendment to the title, providing that it read: "Joint resolution providing for the reappointment of Murray Gell-Mann as a citizen regent of the Board of Regents of the Smithsonian Institution."

On motion by Mr. DOLE,

*Resolved,* That the Senate agree to the amendments of the House of Representatives to the joint resolution.

On motion by Mr. DOLE to reconsider the vote agreeing to the motion.

On motion by Mr. BYRD,

The motion to reconsider was laid on the table.

### EXTENSION OF PROGRAM OF CHILDHOOD VACCINATIONS

On motion by Mr. HATCH, and by unanimous consent,

*Ordered,* That the Committee on Labor and Human Resources be discharged from the further consideration of the bill (H.R. 5230) to amend the Public Health Service Act to extend the program of childhood vaccinations and to require the Secretary of Health and Human Services to maintain a 6-months stockpile of vaccines.

The Senate proceeded, by unanimous consent, to consider the bill.

The question being on the passage of the bill.

On motion by Mr. HATCH (for Mr. GORE) to amend the bill by striking out all after the enacting clause, and inserting in lieu thereof other words (being amendment No. 3517, in the nature of a substitute).

After debate,

The amendment (in the nature of a substitute) was agreed to.

*Ordered,* That the bill be read the third time.

The bill was read the third time.

*Resolved,* That it pass.

The title was amended, on the motion of Mr. HATCH (for Mr. GORE) to read: "An Act to require that the appointment of the Commissioner of Food and Drugs be subject to Senate confirmation."

### REFERRAL OF A BILL

The bill S. 2840, introduced on Friday, September 19, 1986, and ordered held at the desk, was read the first and second times, by unanimous consent, and referred to the Committee on Environment and Public Works.

### HOUSE BILLS AND JOINT RESOLUTION REFERRED

The following bills and joint resolution, heretofore received from the House of Representatives for concurrence, were read the first time and second times, by unanimous consent.

*Ordered,* That the bill H.R. 1981 be referred to the Committee on the Judiciary;

That the bill H.R. 2127 be referred to the Committee on Commerce, Science, and Transportation;

That the bills H.R. 3355 and H.R. 4033 be referred to the Committee on Governmental Affairs;

That the bills H.R. 5277 and H.R. 5492 be referred to the Committee on Energy and Natural Resources;

That the bills H.R. 5540 and H.R. 5546 be referred to the Committee on Labor and Human Resources;

That the bill H.R. 5576 be referred to the Committee on Banking, Housing, and Urban Affairs;

That the bill H.R. 5635 be referred to the Committee on Agriculture, Nutrition, and Forestry;

That the bill H.R. 5686 be referred to the Committee on Finance; and

That the joint resolution H.J. Res. 727 be referred to the Committee on Appropriations.

### HOUSE CONCURRENT RESOLUTIONS REFERRED

The following concurrent resolutions, heretofore received from the House of Representatives for concurrence, were referred as indicated:

*Ordered,* That the concurrent resolution H. Con. Res. 415 be referred to the Committee on the Judiciary;

That the concurrent resolution H. Con. Res. 416 be referred to the Committee on the Budget; and

That the concurrent resolution H. Con. Res. 418 be referred to the Committee on Armed Services.

### ADJOURNMENT SINE DIE

On motion by Mr. DOLE,

At 9 o'clock and 13 minutes p.m., The Senate, pursuant to the provisions of the concurrent resolution H. Con. Res. 417, adjourned sine die.

---

### MONDAY, OCTOBER 20, 1986

#### MESSAGE FROM THE HOUSE RECEIVED SUBSEQUENT TO SINE DIE ADJOURNMENT

Subsequent to the sine die adjournment of the Senate,

Under the authority of the order of January 3, 1985,

The following message was received from the House of Representatives on Monday, October 20, 1986:

The House of Representatives has passed, without amendment, the bill (S. 2948) to authorize the President to promote posthumously the late Lt. Col. Ellison S. Onizuka to the grade of colonel.

The House has agreed to the amendment of the Senate to the amendment of the House to the bill (S. 2245) to authorize appropriations to carry out the Export Administration Act of 1979 and export promotion activities.

The House has agreed, without amendment, to the concurrent resolution (S. Con. Res. 174) to correct technical errors in the enrollment of the bill H.R. 5300.

The House has agreed to the amendment of the Senate to the bill (H.R. 4444) to amend the Immigration and Nationality Act, and for other purposes.

The House has agreed to the amendments of the Senate to each of the following bills of the House:

H.R. 1452. An act to amend the Im-

Union Revolving Loan Fund to the National Credit Union Administration and to authorize the National Credit Union Administration Board to administer the fund;

H.R. 5564. An act to amend the National Housing Act to provide for the eligibility of certain property for single family mortgage insurance;

H.J. Res. 649. Joint resolution to designate 1988 as the "National Year of Friendship with Finland"; and

H.J. Res. 755. Joint resolution providing for the convening of the 1st session of the 100th Congress.

Under the authority of the order of January 3, 1985,

The VICE PRESIDENT signed the foregoing bills and joint resolutions on Sunday, October 26, 1986.

---

WEDNESDAY, OCTOBER 29, 1986

MESSAGE FROM THE HOUSE RECEIVED SUBSEQUENT TO SINE DIE ADJOURNMENT

Subsequent to the sine die adjournment of the Senate,

Under the authority of the order of January 3, 1985,

The following message was received from the House of Representatives on Wednesday, October 29, 1986:

The Speaker of the House of Representatives has signed 32 enrolled bills, viz, S. 332, S. 386, S. 485, S. 511, S. 565, S. 740, S. 1200, S. 1230, S. 1236, S. 1311, S. 1374, S. 2000, S. 2245, S. 2250, S. 2351, S. 2452, S. 2534, S. 2648, S. 2852, S. 2864, S. 2948, H.R. 1790, H.R. 2663, H.R. 3737, H.R. 4208, H.R. 4302, H.R. 4531, H.R. 4613, H.R. 4731, H.R. 5420, H.R. 5560, H.R. 5595, and 9 enrolled joint resolutions, viz, S.J. Res. 43, S.J. Res. 268, S.J. Res. 336, S.J. Res. 427, H.J. Res. 36, H.J. Res. 67, H.J. Res. 594, H.J. Res. 684, and H.J. Res. 756.

ENROLLED BILLS AND JOINT RESOLUTIONS SIGNED SUBSEQUENT TO SINE DIE ADJOURNMENT

Subsequent to the sine die adjournment of the Senate,

The Secretary reported that she had examined and found truly enrolled the following bills and joint resolutions:

S. 332. An act for the relief of Ramzi Sallomy and Marie Sallomy;

S. 386. An act to confirm a conveyance of certain real property by the Southern Pacific Transportation Co. Dianna Pritchett, and for other purposes;

S. 485. An act to amend the Alaska National Interest Lands Conservation Act of 1980 to clarify the treatment of submerged lands and ownership by the Alaskan Native Corporation;

S. 511. An act to change the name of the Loxahatchee National Wildlife Refuge, FL, to the Arthur R. Marshall Loxahatchee National Wildlife Refuge;

S. 565. An act to provide for the transfer of certain lands in the State of Arizona;

S. 740. An act to promote the conservation of migratory waterfowl and to offset or prevent the serious loss of wetlands by the acquisition of wetlands and other essential habitat, and for other purposes;

S. 1200. An act to amend the Immigration and Nationality Act to revise and reform the immigration laws, and for other purposes;

S. 1230. An act to amend the patent laws implementing the Patent Cooperation Treaty;

S. 1236. An act to amend title 18 of the United States Code and other laws to make minor or technical amendments to provisions enacted by the Comprehensive Crime Control Act of 1984, and for other purposes;

S. 1311. An act to authorize the Board of Regents of the Smithsonian Institution to construct the Charles McC. Mathias, Jr., Laboratory for Environmental Research in Edgewater, MD, and to designate the United States Courthouse and Customhouse in Louisville, KY, as the "Gene Snyder United States Courthouse and Customhouse;

S. 1374. An act to establish the Blackstone River Valley National Heritage Corridor in Massachusetts and Rhode Island;

S. 2000. An act to clarify the exemptive authority of the Securities and Exchange Commission;

S. 2245. An act to authorize appropriations to carry out the Export Administration Act of 1979 and export promotion activities;

S. 2250. An act to strengthen the prohibition of kickbacks relating to subcontracts under Federal Government contracts;

S. 2351. An act to revise the boundaries of the Olympic National Park and Olympic National Forest in the State of Washington, and for other purposes;

S. 2452. An act to provide for the naming or renaming of certain buildings of the U.S. Postal Service;

S. 2534. An act to authorize the acquisition and development of a mainland tour boat facility for the Fort Sumter National Monument, SC, and for other purposes;

S. 2648. An act to improve the public health through the prevention of injuries;

S. 2852. An act to authorize the Secretary of Transportation to release restrictions on the use of certain property conveyed to the Peninsula Airport

S. 2864. An act to provide for a Deputy Secretary of Labor, an Assistant Secretary of Labor for Administration and Management, three additional Assistant Secretaries of Labor, and for other purposes;

S. 2948. An act to authorize the President to promote posthumously the late Lt. Col. Ellison S. Onizuka to the grade of colonel;

H.R. 1790. An act to withdraw certain public lands for military purposes, and for other purposes;

H.R. 2663. An act to amend title 5, United States Code, to credit time spent in the Cadet Nurse Corps during World War II as creditable service for civil service retirement; and to provide civil service retirement credit for certain employees and former employees of nonappropriated fund instrumentalities under the jurisdiction of the Armed Forces;

H.R. 3737. An act to amend the Immigration and Nationality Act to deter immigration-related marriage fraud and other immigration fraud;

H.R. 4208. An act to authorize appropriations for the Coast Guard for fiscal year 1987, and for other purposes;

H.R. 4302. An act to establish a commission for the purposes of encouraging and providing for the commemoration of the centennial of the birth of President Dwight David Eisenhower;

H.R. 4531. An act to improve the operation of certain fish and wildlife programs;

H.R. 4613. An act to reauthorize appropriations to carry out the Commodity Exchange Act, and to make technical improvements to that act;

H.R. 4731. An act to enhance boating safety by requiring a report relating to the display on gasoline pumps of the type of alcohol, the percentage of each type of alcohol, and the percentage of cosolvents, if any, contained in the gasoline; to amend chapter 131 of title 46, United States Code, relating to recreational boating safety, and for other purposes;

H.R. 5420. An act to amend section 3726 of title 31, United States Code, relating to payment for transportation, to permit prepayment audits for selected transportation bills, to permanently authorize payments of transportation audit contracts from carriers overpayments collected, to authorize net overpayments collected to be transferred to the Treasury, and for other purposes;

H.R. 5560. An act to amend title 18 of the United States Code, to ban the production and use of advertisements for child pornography or solicitations for child pornography, and for other purposes;

H.R. 5595. An act to make permanent and improve the provisions of section 1619 of the Social Security Act, and for other purposes;

S.J. Res. 43. Joint resolution authorizing the establishment of a memorial to honor the American Armored

## TUESDAY, NOVEMBER 4, 1986

### MESSAGE FROM THE HOUSE RECEIVED SUBSEQUENT TO SINE DIE ADJOURNMENT

Subsequent to the sine die adjournment of the Senate,

Under the authority of the order of January 3, 1985,

The following message was received from the House of Representatives on Tuesday, November 4, 1986:

The Speaker of the House of Representatives has signed 16 enrolled bills, viz, S. 991, S. 1744, S. 2638, H.R. 6, H.R. 2946, H.R. 3004, H.R. 4378, H.R. 4444, H.R. 4745, H.R. 5028, H.R. 5180, H.R. 5363, H.R. 5495, H.R. 5674, H.R. 5705, and H.R. 5730, and 2 enrolled joint resolutions, viz, H.J. Res. 10 and H.J. Res. 626.

### ENROLLED BILLS AND JOINT RESOLUTIONS SIGNED SUBSEQUENT TO SINE DIE ADJOURNMENT

Subsequent to the sine die adjournment of the Senate,

The Secretary reported that she had examined and found truly enrolled the following bills and joint resolutions:

S. 991. An act to amend certain provisions of the law regarding the fisheries of the United States, and for other purposes;

S. 1744. An act to require States to develop, establish, and implement State comprehensive mental health plans;

S. 2638. An act to authorize appropriations for fiscal year 1987 for military activities of the Department of Defense, for military construction, and for defense activities of the Department of Energy, to prescribe personnel strengths for such fiscal year for the Armed Forces, to improve the defense acquisition process, and for other purposes;

H.R. 6. An act to provide for the conservation and development of water and related resources and the improvement and rehabilitation of the Nation's water resources infrastructure;

H.R. 2946. An act to establish an independent jury system for the Superior Court of the District of Columbia;

H.R. 3004. An act to amend section 3006A of title 18, United States Code, to improve the delivery of legal services in the criminal justice system in those persons financially unable to obtain adequate representation, and for other purposes;

H.R. 4378. An act to provide standards for placement of commemorative works on certain Federal lands in the District of Columbia and its environs, and for other purposes;

H.R. 4444. An act to amend the Immigration and Nationality Act, and for other purposes;

H.R. 4745. An act to amend title 18, United States Code, with respect to sexual abuse;

H.R. 5028. An act entitled the "Lower Colorado Water Supply Act";

H.R. 5180. An act to designate the Federal Building at 111 W. Huron Street, Buffalo, NY, as the "Thaddeus

H.R. 5363. An act to amend the interest provisions of the Declaration of Taking Act;

H.R. 5495. An act to authorize appropriations to the National Aeronautics and Space Administration, and for other purposes;

H.R. 5674. An act to amend title 28, United States Code, with respect to the composition of, and places of holding court in, certain judicial districts;

H.R. 5705. An act to protect and provide for the enhancement of the resources of the Columbia River Gorge, and for other purposes;

H.R. 5730. An act to provide for a land exchange in the State of Alaska;

H.J. Res. 10. Joint resolution to designate the week beginning January 19, 1987, as "Shays' Rebellion Week" and Sunday, January 25, 1987, as "Shays' Rebellion Day"; and

H.J. Res. 625. Joint resolution to approve the "Compact of Free Association" between the United States and the Government of Palau, and for other purposes.

Under the authority of the order of January 3, 1985,

The PRESIDENT pro tempore signed the foregoing bills and joint resolutions on Tuesday, November 4, 1986.

### ENROLLED BILLS PRESENTED SUBSEQUENT TO SINE DINE ADJOURNMENT

Subsequent to the sine die adjournment of the Senate,

The Secretary reported that on Tuesday, November 4, 1986, she had presented to the President of the United States the following enrolled bills:

S. 991. An act to amend certain provisions of the law regarding the fisheries of the United States, and for other purposes;

S. 1744. An act to require States to develop, establish, and implement State comprehensive mental health plans; and

S. 2638. An act to authorize appropriations for fiscal year 1987 for military activities of the Department of Defense, for military construction, and for defense activities of the Department of Energy, to prescribe personnel strengths for such fiscal year for the Armed Forces, to improve the defense acquisition process, and for other purposes.

## THURSDAY, NOVEMBER 20, 1986

### PRESIDENTIAL APPROVALS SUBSEQUENT TO SINE DIE ADJOURNMENT

Subsequent to the sine die adjournment of the Senate,

The President of the United States, on Thursday, November 20, 1986, notified the Secretary of the Senate that he had approved and signed the following acts and joint resolutions:

On October 15, 1986:

H.R. 5548. An act to amend the Export-Import Bank Act of 1945.

On October 16, 1986:

S. 426. An act to amend the Federal Power Act to provide for more protection to electric consumers.

S. 2062. An act to designate the Federal Building and United States Courthouse to be constructed and located in Newark, NJ, as the "Martin Luther King, Jr., Federal Building and United States Courthouse."

S. 2069. An act to make certain amendments to the Job Training Partnership Act.

S. 2788. An act to designate the Federal building located in San Diego, CA, as the "Jacob Weinberger Federal Building."

S. 2884. An act to amend the Fair Labor Standards Act of 1938 to require that wages based on individual productivity be paid to handicapped workers employed under certificates issued by the Secretary of Labor.

H.R. 4545. An act to authorize appropriations for the American Folklife Center for fiscal years 1987, 1988, and 1989, and for other purposes.

H.R. 4718. An act to amend title 18, United States Code, to provide additional penalties for fraud and related activities in connection with access devices and computers, and for other purposes.

H.R. 5166. An act to designate certain lands in the Cherokee National Forest in the State of Tennessee as wilderness areas, and for other purposes.

H.R. 5362. An act to extend the authority of the Supreme Court Police to provide protective services for Justices and Court personnel.

H.R. 5430. An act to amend the Gila River Pima-Maricopa Indian Community judgment distribution plan.

H.R. 5522. An act to authorize the release to museums in the United States of certain objects owned by the U.S. Information Agency.

S.J. Res. 280. Joint resolution designating the month of November 1986 as "National Alzheimer's Disease Month."

S.J. Res. 385. Joint resolution to designate October 23, 1986, as "National Hungarian Freedom Fighters Day."

S.J. Res. 395. Joint resolution to designate the period October 1, 1986, through September 30, 1987, as "National Institutes of Health Centennial Year."

H.J. Res. 210. Joint resolution designating the Study Center for Trauma and Emergency Medical Systems at

Harley G. Lappin

From: "Harley G. Lappin" <harley.lappin@usdoj.gov>
Sent: Monday, July 27, 2009 3:17 PM



Attention all Department Heads, there has been a large volume of inmate Requests for Administrative Remedies questioning the validity of the Bureau's authority to hold or classify them under 18 U.S.C. §§ 4081, et seq., (1948). On the claim that Public Law 80-772 was never passed or signed in the presence of a Quorum or Majority of both Houses of Congress as required by Article I, § 5, Clause 1 of the Constitution. Although most courts have, thus far, relied on Field v. Clark, 143 U.S. 649(1892) to avoid ruling on the merits of these claims, however, there have been some which have stated that they were not bound by the Field case, but those cases did not involve any Quorum Clause challenge. So out of an abundance of caution, I contacted the Office of Legal Counsel, the National Archives and the Clerk of the House of Representatives to learn that there is no record of any quorum being present during the May 12, 1947 vote on the H.R. 3190 Bill in the House (See 93 Cong.Rec. 5049), and the record is not clear as to whether there was any Senate vote on the H.R. 3190 Bill during any session of the 80th Congress. There is only one Supreme Court case that says in order for any bill to be valid the Journals of both Houses must show that it was passed in the presence of a Quorum. See United States v. Ballin, Joseph & Co., 144 U.S. 1, 3 (1892). The Clerk of the House states that the May 12, 1947 vote was a 'voice vote,' but the Parliamentarian of the House states that a voice vote is only valid when the Journal shows that a quorum is present and that it's unlawful for the Speaker of the House to sign any enrolled bill in the absence of a quorum. On May 12, 1947, a presence of 218 Members in the hall of the House was required to be entered on the Journal in order for the 44 Member 38 to 6 voice vote to be legal. It appears that the 1909 version of the Federal Criminal Code has never been repealed. Therefore, in essence, our only true authority is derived from the 1948 predecessor to Public Law 80-772. "Although adjudication of the constitutionality of congressional enactments has generally been thought to be beyond the jurisdiction of federal administrative agencies, this rule is not mandatory," according to the Supreme Court in the case of Thunder Basin Coal Co. v. Reich, 510 U.S. 200, 215 (1994). Therefore, the Bureau under the advise of the Legal Counsel feels that it is in the best interest of public safety to continue addressing all of these Administrative Remedy Requests by stating that only the Congress or courts can repeal or declare a federal statute unconstitutional.

*Harley G. Lappin*
Harley G. Lappin
Director, Federal Bureau of Prisons

EX-9

7/27/2009

## 28

**70. How do Members of Congress introduce bills?**

A bill that is to be introduced is typed on a special House or Senate form and signed by the Representative or Senator who will introduce it. In the House, a Representative may introduce a bill any time the House is in session by placing it in a special box known as the "hopper," which is located on the Clerk's desk in the House Chamber. A Senator introduces a bill by delivering it to a clerk on the Senate floor while the Senate is in session, although it is formally accepted only during a period of time set aside in the Senate for the transacting of routine morning business.

**71. When does a bill, introduced at the beginning of a Congress, become "dead" and no longer open to considerations?**

A bill may be introduced at any point during a two-year Congress, and remains eligible for consideration throughout the duration of that Congress until the Congress ends or adjourns sine die.

**72. What are the stages of a bill in Congress?**

Following is a brief description of the usual stages by which a bill becomes law. (A graphic follows this explanation that illustrates these stages, How a Bill Becomes a Law.)

(1) Introduction by a Member, who places it in the "hopper," a box on the Clerk's desk in the House Chamber; the bill is given a number and printed by the Government Printing Office so that copies are available the next morning.

(2) Referral to one or more standing committees of the House by the Speaker, at the advice of the Parliamentarian.

(3) Report from the committee or committees, after public hearings and "markup" meetings by subcommittee, committee, or both.

(4) House approval of a special rule, reported by the House Rules Committee, making it in order for the House to consider the bill, and setting the terms for its debate and amendment.

(5) Consideration of the bill in Committee of the Whole, in two stages: first, a time for general debate on the bill; and second, a time for amending the bill, one part at a time, under a rule that limits speeches on amendments to five minutes each.

(6) Passage by the House after votes to confirm the amendments that were adopted in Committee of the Whole.

(7) Transmittal to the Senate, by message.

(8) Consideration and passage by the Senate—usually after referral to and reporting from a Senate committee—and after debate and amendment on the Senate floor.

(9) Transmission from the Senate back to the House, with or without Senate amendments to the bill.

(10) Resolution of differences between the House and the Senate, either through additional amendments between the Houses, or the report of a conference committee.

## 29

(11) Enrollment on parchment paper and then signing by the Speaker and by the President of the Senate.

(12) Transmittal to the President of the United States.

(13) Approval or disapproval by the President; if the President disapproves, the bill will be returned with a veto message that explains reasons for the disapproval. A two-thirds vote of each chamber is needed to override a veto.

(14) Filing with the Archivist of the United States as a public law after approval of the President, or after passage by Congress overriding a veto.

Bills may be introduced in the Senate, and they follow essentially the same course of passage as bills first introduced and considered in the House of Representatives. (See questions above, however, on the House originating tax and appropriations bills.)

*108th Congress, 1st Session*
*H.Doc. 108-94*

EX-9

books.google.com

Web Sudoku - Billions of Fr...    Maytag Dishwasher Parts |...    ⊗ of the House of Represe...    Precedents, Volume 4 - Ch...

You  Search  Images  More ▾                                                                                    Sign in  ⚙

Google books    hinds precedents certified extracts                    Advanced Book Search

Books    ⊕ ⊖  📄 🗐 ▦ ⤢  ✂ ⟲    Add to my library ▾    Write review
                                                                    Front Cover ▾   ⟨ ⟩    ⚙ ▾

Result 1 of 1 in this book for hinds precedents certified extracts                   Clear search

EBOOK - FREE

Get this book in print ▼

g+1  0

0 Reviews
Write review

Hinds' Precedents of the House
of Representatives of the United
States ...
By Asher Crosby Hinds, United States.
Congress. House

hinds precedents certified ex    Go

About this book

My library
My History
Books on Google Play
Terms of Service

# HINDS' PRECEDENTS

OF THE

# HOUSE OF REPRESENTATIVES

OF THE

# UNITED STATES

INCLUDING REFERENCES TO PROVISIONS
OF THE CONSTITUTION, THE LAWS, AND DECISIONS
OF THE UNITED STATES SENATE

By

ASHER C. HINDS, LL. D.

Clerk at the Speaker's Table

## VOLUME IV

PUBLISHED BY AUTHORITY OF THE ACT OF CONGRESS
APPROVED MARCH 4, 1907

WASHINGTON
GOVERNMENT PRINTING OFFICE
1907

books.google.com

Web Sudoku - Billions of Fr... | Maytag Dishwasher Parts |... | of the House of Represe... | Precedents, Volume 4 - Ch...

You  Search  Images  More        Sign in

Google books    hinds precedents certified extracts        Advanced Book Search

Books        Add to my library    Write review
                                  Page 1

Result 1 of 1 in this book for hinds precedents certified extracts        Clear search

EBOOK-FREE

Get this book in print ▼

8+1  0
0 Reviews
Write review

**Hinds' Precedents of the House of Representatives of the United States ...**
By Asher Crosby Hinds, United States. Congress. House

hinds precedents certified e▸   Go

About this book
My library
My History
Books on Google Play
Terms of Service

## Chapter LXXXIII.*

### THE JOURNAL AND ITS APPROVAL.

1. Provisions of the Constitution.  Section 2726.
2. The official record.  Section 2727.[1]
3. Title and copy.  Sections 2728–2730.
4. Reading and approval.  Sections 2731–2750.[2]
5. Business not transacted before approval.  Sections 2751–2759.[3]
6. Motions to amend, especially as to record of votes.  Sections 2760–2770.
7. Delay in approval.  Sections 2771–2774.
8. As to record of amendments and approval.  Sections 2775–2782.
9. Changes in as related to actual facts.  Sections 2783–2789.[4]
10. Changes after approval.  Sections 2790–2797.
11. As to entry of protests and declarations.  Sections 2798–2808.[5]
12. In general.  Sections 2809, 2810.

2726. The Constitution requires the House to keep and publish a Journal, excepting from publication such parts as require secrecy.

Votes by yeas and nays and veto messages of the President are required by the Constitution to be spread on the Journal.

The Constitution of the United States, in section 5 of Article I, provides:

Each House shall keep a Journal of its proceedings, and from time to time publish the same, excepting such parts as may in their judgment require secrecy; and the yeas and nays of the Members of either House on any question shall, at the desire of one-fifth of those present, be entered on the Journal.[6]

Also in section 7 of Article I:

Every bill which shall have passed the House of Representatives and the Senate shall, before it become a law, be presented to the President of the United States.  If he approve he shall sign it, but if not he shall return it, with his objections, to that House in which it shall have originated, who shall enter the objections at large on their Journal and proceed to reconsider it.

---

* See Volume VI, Chapter CCVI.
[1] Printed and distributed by the Clerk.  Section 251 of Volume I.
Office of journal clerk and its requirements.  Section 2644 of Volume III.
[2] Preparation and reading is not prevented by death of Clerk.  Section 237 of Volume I.
Amendment of Congressional Record secondary to.  Section 6989 of Volume V.
[3] Administration of oath to Member-elect before.  Sections 171, 172 of Volume I.
[4] See also section 3091 of this volume.
[5] Clerk declines to entertain a protest at organization.  Section 80 of Volume I.
Summary of precedents as to entry of protests.  Sections 2597, 2763 of this volume.
[6] Field v. Clark, 143 U. S., 649.

1

books.google.com

Web Sudoku - Billions of Fr... | Maytag Dishwasher Parts |... | of the House of Represe... | Precedents, Volume 4 - Ch...

Add to my library | Write review

Page 34

Result 1 of 1 in this book for **hinds precedents certified extracts**   Clear search

34        PRECEDENTS OF THE HOUSE OF REPRESENTATIVES.        § 2809

being in secret session, had passed the "act declaring war between Great Britain and her dependencies," whereupon Mr. George Poindexter moved to have inserted in the Journal a declaration in the following words:

> George Poindexter, Delegate from the Mississippi Territory, not having a constitutional right to record his suffrage on the Journal of the House on the important question under consideration, and being penetrated with a firm conviction of the propriety of the measure, asks the indulgence of the House to express his own and the sense of his constituents,[1] in support of the honorable and dignified attitude which the Government of his country has assumed in vindication of its rights against the lawless violence and unprecedented usurpations of the Government of Great Britain.

This paper was read, and appeared in the Journal of the next day, whereupon Mr. Nathaniel Macon, of North Carolina, moved that it be expunged from the Journal. This motion was disagreed to—yeas 44, nays 62. A motion that the House proceed to consider the declaration was decided in the negative.

2809. **The Parliamentary method of raising a committee to investigate an alleged error in the Journal has not been utilized.**—On February 10, 1885,[2] a question being raised as to the correctness of the Journal, a motion was made that a committee be appointed to ascertain the facts in regard to the matter over which the error was alleged to occur. This motion was made in accordance with the parliamentary principle laid down in Jefferson's Manual. The motion was not agreed to.

2810. **Certified extracts of the Journal are admitted as evidence in the courts of the United States.**—The Statutes of the United States provide:

> Extracts from the Journals of the Senate, or of the House of Representatives, and of the Executive Journal of the Senate when the injunction of secrecy is removed, certified by the Secretary of the Senate or by the Clerk of the House of Representatives, shall be admitted as evidence in the courts of the United States, and shall have the same force and effect as the originals would have if produced and authenticated in court.[3]

---

[1] Mr. Poindexter must have wished to enter this expression in the Journal, for he had the right of debate and frequently exercised it. (For an instance see Annals, March 12, 1812, pp. 1201–1204.)
[2] Second session Forty-eighth Congress, Record, pp. 1497–1500; Journal, p. 508.
[3] See Revised Statutes, sec. 895.

EX-10F

Cassidine McDonald, 21026-051
U.S. Penitentiary Marion
P.O. Box 1000
Marion, IL 62959

Legal Mail

⇦21026-051⇨
Pete V Domenici
United States Court
333 Lomas BLVD NW
Albuquerque, NM 87102
United States

RECEIVED
At Albuquerque NM

SEP 0 8 2015

MATTHEW J. DYKMAN
CLERK

