IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  No. CV 15-0791 MV/WPL
                                                      CR 11-1075 MV

CASSIDINE MCDONALD,

    Defendant.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, *sua sponte* under rule 4(b) of the Rules Governing Section 2255 Cases, on Defendant's Motion Under 28USC§2255(h)(1) Newly Discovered Evidence (CV Doc. 1; CR Doc. 35) filed on September 8, 2015. Defendant contends that, under § 2255(h)(1), newly discovered evidence establishes his innocence, thus requiring that his § 2255 motion be considered timely. The Court will dismiss Defendant's motion.

Defendant's § 2255 motion faces the initial hurdle of the statute's one-year limitations period. *See* § 2255(f). On May 25, 2012, this Court entered judgment (CR Doc. 33) on Defendant's conviction under 18 U.S.C. §§ 2241(a), 2246(2)(C), 1153 for aggravated sexual abuse. Defendant did not appeal the judgment, and thus his conviction became final fourteen days later in early June, 2012. *See United States v. Garcia-Roman*, 466 F. App'x 750, 750 (10th Cir. 2012) (noting that a conviction becomes final fourteen days after an unappealed judgment under 2009 amended Rules); *see also United States v. Sandoval*, 371 F. App'x 945, 948 n. 2 (10th Cir. 2010) (ten days under former rule). Defendant filed his § 2255 motion more than two years after his conviction became final, long after expiration of the one-year limitation period. His claims are thus barred and must be dismissed unless there is a basis for tolling. *See United States*

*v. Cordova*, No. 99-1306, 1999 WL 1136759, at **1 (10th Cir. Dec. 13, 1999).

Typically, when the Court raises the time bar to a § 2255 motion *sua sponte*, the defendant is allowed an opportunity to respond.  Here, however, Defendant's motion expressly addresses the timeliness issue, arguing that his "actual innocence" claim can overcome the time limit for a § 2255 motion.[1]  Case law interpreting § 2255(f)(4) supports re-starting the one-year limitations period where, as pertinent here, Defendant discovers facts that allegedly establish his "actual innocence" of the charges against him.  *See, e.g., United States v. Zuno-Arce*, 25 F. Supp. 2d 1087, 1097-98 (C.D. Cal. 1998) (noting that claim of actual innocence may not be barred by initial limitations period); *and cf. McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013) (§ 2254 proceeding).

"To establish actual innocence, a petitioner must demonstrate that 'it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence.' " *United States v. Starr*, 275 F. App'x 788, 789 (10th Cir. 2008) (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995).  "[A]ctual innocence is not an easy showing to make: To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence." *United States v. Cervini*, 379 F.3d 987, 991 (10th Cir. 2004) (internal citation omitted).  And as the Supreme Court noted recently, "[U]ntimeliness, although not an unyielding ground for dismissal of a petition, does bear on the credibility of evidence proffered to show actual innocence." *McQuiggin v. Perkins,* 133 S. Ct. at 1935.

Defendant does not contend that he is actually innocent of committing the act of aggravated sexual abuse in violation of 18 U.S.C. § 2241(a) and 2246(2)(C).  Rather, Defendant

---

[1] Defendant cites § 2255(h)(1) in support of his argument.  Because this subsection deals with second or successive petitions, the Court construes Defendant's argument as raised under § 2255(f)(4), which allows re-starting the limitations period under certain circumstances.

2

contends that the statute under which he was convicted, 28 U.S.C. § 2241, is invalid because it was enacted in violation of the Quorum Clause of the United States Constitution.  [Doc. 1]   This may be a new legal theory, but it is not new evidence.  "[Defendant's] information . . . was "substantially available to [him]," *id.* at 1936, when he pled guilty and was convicted.   Defendant makes no allegation that the statutes in question were enacted after he was convicted.  *And cf. United States v. Starr,* No. 98-2065, 1999 WL 178549, at *2 (10th Cir. April 1, 1999) (ruling that 18 U.S.C. § 2241 is not unconstitutionally vague).   Defendant's allegation that the statute under which he was charged and convicted was not constitutionally enacted does not amount to "new reliable evidence."   *United States v. Cervini*, 379 F.3d at 991.   He is not entitled to relief, *see* § 2255 R. 4(b), and the Court will dismiss his § 2255 motion.

Furthermore, *sua sponte* under rule 11(a) of the Rules Governing Section 2255 Cases, the Court determines that Defendant has failed to make a substantial showing that he has been denied a constitutional right.   The Court will therefore deny a certificate of appealability.

IT IS THEREFORE ORDERED that Defendant's Motion Under 28 USC § 2255(h)(1) Newly Discovered Evidence (CV Doc. 1; CR Doc. 35) filed on September 8, 2015, is DISMISSED with prejudice; a certificate of appealability is DENIED; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE